947 So.2d 510 (2006)
B.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-250.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
Carey Haughwout, Public Defender, and John Pauly, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The issue in this case is whether the trial court erred in attempting to provide for the future retention of jurisdiction over a juvenile's case beyond the age of 19. B.C., a child, was adjudicated delinquent for violation of probation. Initially, the trial court continued his probation, required him to successfully complete the inpatient DATA Hayslip Residential Program (DATA), retained jurisdiction until his 21st birthday, and ordered further that B.C. be continued on juvenile probation "for an indefinite period not to exceed the child's 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first."
B.C. filed a Motion to Correct Disposition or Commitment Order pursuant to Florida Rule of Juvenile Procedure 8.135. He argued that the court's apparent retention of jurisdiction beyond the age of 19 was illegal because none of the statutory exceptions to the general rule that jurisdiction ends at the age of 19, applied to him. The trial court filed an amended disposition order, identical to the original order, but clarifying as such; "Jurisdiction until 19th birthday unless the juvenile is in a program and violates the terms of the *511 program; then jurisdiction cannot exceed his 22nd birthday."
B.C. argues on appeal that the trial court erred in attempting to provide for the future retention of jurisdiction until the age of 22, where none of the statutory exceptions to the jurisdictional limit of age 19 applied. We agree.
Section 985.201(4)(a), Florida Statutes (2005), provides:
Notwithstanding ss. 743.07, 985.229, 985.23, and 985.231, and except as provided in ss. 985.31 and 985.313, when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
There are two statutory exceptions identified in section 985.201(4)(a) to the general rule that jurisdiction ends at the age of 19: sections 985.31 and 985.313. Section 985.31 provides for the retention of jurisdiction until the age of 21 when a child is designated as a serious or habitual offender pursuant to section 985.31(3)(k). See § 985.31(3)(k), Fla. Stat. (2005). Section 985.313 provides for the retention of jurisdiction until age 21 when extra time is necessary for a child to complete a high or maximum risk program as defined by section 985.313. See § 985.313, Fla. Stat. (2005).
Two additional exceptions to the general rule that jurisdiction ends at age 19 are found in section 985.201(4)(b). Section 985.201(4)(b)1. allows a court to retain jurisdiction until the age of 22 when necessary to allow the child to participate in a juvenile conditional release program following commitment to a high or maximum risk commitment program. § 985.201(4)(b)1., Fla. Stat. (2005). Section 985.201(4)(b)2. provides for retention of jurisdiction until age 21 to enable a child to complete an intensive residential treatment program for 10 to 13 year old offenders, a residential commitment program in a juvenile prison, a residential sex offender program, or a program for serious or habitual juvenile offenders. See § 985.201(4)(b)2.
B.C. correctly notes that none of these exceptions apply here. Further, as the disposition order currently reads, the retention of jurisdiction to the age of 22 seems to be based on an expectation that jurisdiction beyond the age of 19 would be necessary if B.C. violated probation, and consequently, needed to be placed in a high or maximum risk program.
The state argues in response that the trial court did not err because the maximum term of jurisdiction does not exceed the statutory maximum term of imprisonment for an adult convicted of the same offense, and the court could retain jurisdiction until B.C.'s 21st birthday. The state relies on section 985.231(1)(a)3., Florida Statutes (2005), for this proposition. Section 985.231(1)(a)3. provides that the trial court may:
Commit the child to the department at a restrictiveness level defined in s. 985.03. Such commitment must be for the purpose of exercising active control over the child, including, but not limited to, custody, care, training, urine monitoring, and treatment of the child and release of the child from residential commitment into the community in a postcommitment nonresidential conditional release program. If the child is eligible to attend public school following commitment and the court finds that the victim or a sibling of the victim in the case is or may be attending the same school as the child, the commitment order shall include a finding pursuant to the proceedings *512 described in s. 985.23(1)(d). If the child is not successful in the conditional release program, the department may use the transfer procedure under s. 985.404. Notwithstanding s. 743.07 and paragraph (d), and except as provided in s. 985.31, the term of the commitment must be until the child is discharged by the department or until he or she reaches the age of 21.
See § 985.231(1)(a)3., Fla. Stat. (2005). Thus, the state argues that because B.C. was committed to DATA, which appeared to be a minimum, low risk residential treatment program under section 985.03(46)(b), and had committed a second and third degree felony, the trial court could retain jurisdiction until B.C.'s 21st birthday. Section 985.03(46)(b) reads:
(46) "Restrictiveness level" means the level of programming and security provided by programs that service the supervision, custody, care, and treatment needs of committed children. Sections 985.3141 and 985.404(11) apply to children placed in programs at any residential commitment level. The restrictiveness levels of commitment are as follows:
(b) Low-risk residential.Programs or program models at this commitment level are residential but may allow youth to have unsupervised access to the community. Youth assessed and classified for placement in programs at this commitment level represent a low risk to themselves and public safety but do require placement and services in residential settings. Children who have been found to have committed delinquent acts that involve firearms, delinquent acts that are sexual offenses, or delinquent acts that would be life felonies or first degree felonies if committed by an adult shall not be committed to a program at this level.
However, in S.L.K. v. State, 776 So.2d 1062 (Fla. 4th DCA 2001), this court ruled that even though a child's situation may fall under section 985.231(1)(a)3., the trial court cannot retain jurisdiction beyond age 19 where it is possible that the child will be discharged from a program prior to reaching his or her 21st birthday. Id. at 1065. In the instant case, there is nothing in the record to indicate that B.C. will not complete DATA before his 21st birthday. Thus, the state's argument fails. Under S.L.K., the trial court may retain jurisdiction only to the age of 19, where it is unclear whether or not B.C. will be released from DATA before his 21st birthday.
Based on the foregoing, we remand this case to the trial court to place a check next to the commitment paragraph of the disposition order, indicate that B.C. is placed in a "low" risk residential program, and specify that the commitment shall last no longer than B.C.'s 19th birthday, or the maximum term of imprisonment of 15 years, whichever comes first.
Remanded With Directions.
GROSS, HAZOURI, JJ., and MAASS, ELIZABETH T., Associate Judge, concur.